GLADNEY, Judge.
J. W. Coats instituted this action of jactitation against Fred Lee who answered admitting plaintiff’s adverse possession, but claiming and deraigning title. This case was tried and appealed to this court on a former occasion and remanded for the purpose of allowing plaintiff to show privity, if any, between himself and authors in title in support of the prescription of thirty years. See Coats v. Lee, La.App. Second Circuit, 1954, 70 So.2d 229. Upon the remand the principal issue was the question of whether plaintiff has satisfactorily established title to the property in dispute by reason of tacking onto his possession that of his mother’s, Mrs. C. L. (Lorena) Coats, in conformity with LSA-C.C. articles 3493, 3495 and the Codal articles defining the quality of said prescription.
The 12 acres herein in dispute are located in the northwest portion of a subdivision referred to as 18 A on a map and survey of the Jordan Ferry Plantation, by R. L. Tatum, dated May 27, 1940, and filed in record in this case, and is north and west of a graveled road indicated on said map.
The record contains deeds of John W. Carnes to Mrs. Coats bearing date of November 22, 1922, and two deeds from Mrs. Coats to J. W. Coats, dated July 13, 1946, and February 5, 1953, in which latter deed only the property in dispute was described. The deed bearing date of February 5, 1953, was executed after the institution of this suit and its exclusion from evidence in the former trial furnished the occasion for the remand by this court. The deed was admissible for the purpose of showing the contractual relationship between J. W. Coats and his mother, that there was no separation of their two possessions, and that consent was given by Mrs. Coats for her son to take over her possession of the disputed property.
*119 The deraignment of Le:e’s title •shows the recorded title to the disputed property is with him- The 12 acres w.as not described in the deeds forming Coat’s •chain of title until written into the. instrument executed by Mrs. Coats on February 5, 1953. The issue thus is whether vel non the sum of the possessions of Coats and bis mother support a possession of thirty years which has been continuous, jminterr rupted, public and equivocal under the title of ownership as provided by LSA-C.C. art. 3500. After hearing the evidence on this point the trial court rendered judgment in favor of the defendant, holding in effect, that plaintiff’s plea of thirty years prescription was not proven. After a careful review of the record we find no manifest error in the ruling of which complained.
Plaintiff, in order to show thirty years continuous and uninterrupted possession prior to 1952 tendered the testimony of Luther Lewis, Louis Rud, Hamp Butler, Elsie Coats, Mrs. C. L. (Lorena) Coats and himself.
The first three named witnesses were questioned as to whether an old fence existed about the year 1925, or sooner, enclosing the 12 acres in dispute with the property of Mrs. Coats. Their testimony is so vague and indefinite it is apparent they did not understand exactly where the property in contest and the subject fences were located. The knowledge of J. W. Coats concerning the fences and character of the possession exercised goes back no further than 1927 at which time he was but eight years old. The testimony of Elsie Coats disaloses her unfamiliarity with the property in dispute. Finally, Mrs. Coats testified only that she had possessed the 12 acres within the fence around the plantation conveyed to her by J. W. Carnes. Since the act of conveyance does not include the 12 acres in dispute here, it clearly appears she is confused as to her knowledge of its location. Furthermore, she gave no testimony as to acts of possession exercised over the 12 acres during her ownership of Horseshoe Plantation. It was incumbent upon plaintiff herein to show, physical possession for the required prescriptive period or at least since 1922. This he has failed to-do.- . ’ , ..
The testimony offered by defendant tends to show the fence relied upon by plaintiff' as enclosing the southeast side of the triangular strip of land in dispute was built about 1939 by Ollie Blankenship, who testified to this effect. At that time Blankenship- exercised occupancy of certain property under a written act of lease from Mrs. Coats dated September 5, 1939. This lease contained the following significant provisions: .
“It is agreed that the party of the second part is to do the necessary fencing to enclose the said lands for pasturage and at the termination of this lease, the party of the first part is to either take the wire and posts and pay for it and the labor of building the fence or permit the party ,of the second part to take up and remove the wire.”
Blankenship testified he built the present fence along the south and east boundary of the 12 acres in dispute and when he did so he did not follow an old fence. He stated there was in existence on the west and north sides a fence which followed part of the line fences of -'the Horseshoe Plantation. Several witnesses testified the graveled road along which plaintiff contends an old fence enclosed the 12 acres, was built in 1927 and later a new road was built which did not follow the old one.
John T. Bundrick testified as a witness for the defendant, relating that he leased the Jordan Ferry Plantation of which the disputed 12 acres is a part, in 1938, but prior to that time in 1935 he was familiar with the property as an agent of the Prudential Insurance Company, the record owner thereof. He testified positively that prior to the time Ollie Blankenship built a fence along the road the disputed property was fenced on only two’sides. Bundrick furthermore stated that as lessee from the insurance company he exercised acts of ownership over the 12 acres. Other witnesses testifying on behalf-: of defendant indicated1- the subject property was. fenced- *120 on only two of the three sides. It was admitted that the property has been assessed to the defendant who has been paying the taxes thereon. Plaintiff has failed to substantiate the plea of prescription and the judgment from which appealed is correct.
It is, therefore, ordered, adjudged and decreed that there be judgment in favor of the defendant, Fred Lee, and against the plaintiff, J. W. Coats, denying the plea of thirty years prescription, acquirendi causa, faff'd by the plaintiff and recognizing the defendant, Fred Lee, to be the true and lawful owner of the following described property, to-wit:
“Approximately 12 acres of land in Northwest Quarter of Southeast Quarter in Section 30, Township 11 North, Range 9 West, and being all of said forty lying North of the Lake End-Jordan Ferry Highway, in Red River Parish, Louisiana.”
It is further ordered that plaintiff pay all costs of this suit.